UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN A. GRIECO,

Plaintiff,

v.         4:12-cv-195

TECUMSEH PRODUCTS COMPANY and TECUMSEH COMPRESSOR COMPANY,

Defendants.

## ORDER

Before the Court is Defendants' Motion in Limine. ECF No. 53. Defendants request exclusion of statements regarding 1) "size and corporate or financial status of Defendants," *id.* at 1; 2) other incidents, complaints, or lawsuits involving Defendants; 3) offers of compromise; 4) Defendants' insurance; and 5) various improper and inflammatory arguments. *Id.* Plaintiff objects to this motion as untimely and prospective, as well as on the ground that voir dire questioning about the insurance providers is relevant and necessary.[1] ECF No. 56.

Because the Court ordered parties to submit a new pretrial order following the pretrial conference, ECF No. 52, filing all motions in limine prior to the pretrial conference would have been impracticable. Therefore, this motion is timely. *See* Local Rule 7.4.

First, size and corporate or financial status of the Defendant is indeed irrelevant to this case, so the Court ***GRANTS*** Defendants' motion as to this material pursuant to Federal Rules of Evidence 401 and 403. Second, other incidents or lawsuits involving the Defendants also show nothing of the adequacy of the warning as to this Plaintiff, so the Court ***GRANTS*** Defendants' motion as to this material pursuant to Federal Rules of Evidence 401 and 403. Finally, it is a well-settled principle that public policy and Federal Rule of Evidence 408 prohibit reference to settlement discussions, so the Court ***GRANTS*** the motion in limine as to that material.

The Plaintiff may not offer evidence of insurance to establish fault of the Defendants, Federal Rule of Evidence 411, but the Court will voir dire the panel as necessary to ensure a fair and impartial Jury. To that end, the Court ***DENIES*** the fourth portion of the motion.

The Court agrees with the Plaintiff that the request to prohibit "various" improper and inflammatory arguments is too prospective for a ruling, so that portion of the motion is ***DENIED***. The attorneys are reminded of their professional duties to opposing parties and counsel.

This /*/* day of December 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiffs also state no intention to make any arguments or elicit testimony in regards to the first three portions of the motion. ECF No. 56.